IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD HOLLINGSWORTH, | ) | |
| #276 260, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-472-TMH |
| | ) | [WO] |
| KIM THOMAS, | ) | |
| A.D.O.C. COMMISSIONER, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate who was incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, when this action commenced,[1] filed the above-captioned case pursuant to 42 U.S.C. § 1983. The matter is presently before the court on Plaintiff's Motion for a Preliminary Injunction. Plaintiff seeks to have Defendants cease their provision of inadequate health care and provide him with sufficient and appropriate treatment to alleviate his daily agony from a painful hernia. (*Doc. No. 6*.) As directed, Defendant Nurse Marianne Baker filed a response to Plaintiff's request for issuance of a preliminary injunction. (*Doc. No. 18*.) Upon consideration of Plaintiff's motion for preliminary injunction and Defendant Baker's response thereto (*Doc. No. 18)*, the court concludes that the request for a preliminary injunction is due to be denied as moot because Plaintiff is presently incarcerated at the Holman Correctional Facility away from Defendants who work at the Kilby Correctional

---

[1] Plaintiff was recently transferred to the Holman Correctional Facility located in Atmore, Alabama.

Facility .

## I.  DISCUSSION

In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose.  *Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)  ("[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.' "). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.,* 112 F.3d 1475, 1477 (11th Cir.1997).  For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*  Accordingly, the court finds that Plaintiff's request for a preliminary injunction is moot.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by Plaintiff (*Doc. No. 6*) be DENIED as moot;

2.  This case be referred back to the undersigned for additional proceedings.

-2-

It is further

ORDERED that on or before **July 24, 2012** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 9th day of July 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE